UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BRANDON REXROAT, <br><br> Plaintiff, <br><br> v. <br><br> FRANK LITTLEJOHN Warden; Wabash Valley Correctional Facility, <br><br> Defendant. | No. 2:20-cv-00356-JPH-DLP |

## ORDER TO SHOW CAUSE

Petitioner Brandon Rexroat's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, seeks his immediate release from prison due to the COVID-19 pandemic.

### I.

Mr. Rexroat's motion for leave to proceed *in forma pauperis*, dkt. [3], is **granted**.

### II.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Mr. Rexroat is incarcerated at Wabash Valley Correctional Facility pursuant to state convictions in Hamilton County, Indiana, under cause number 29D04-1412-F6-010245, and Marion County, Indiana, under cause numbers 49G03-1503-F4-009757 and 49G03-1501-F4-001236. *See* Indiana Department of Correction, Offender Search at https://www.in.gov/apps/indcorrection/ofs/ofs (last accessed July 13, 2020). He has a current release date of May 6, 2026. *Id.* Mr. Rexroat states that he suffers from Hepatitis C which places

1

him at increased risk of serious complications if he were to contract COVID-19 and that the prison is not doing enough to protect the inmates from contracting the virus.

"To protect the primary role of state courts in remedying alleged constitutional errors in state criminal proceedings, federal courts will not review a habeas petition unless the prisoner has fairly presented his claims throughout at least one complete round of state-court review." *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015) (citation and quotation marks omitted); *see* 28 U.S.C. § 2254(b)(1)(A).

Mr. Rexcoat asks the Court to excuse the exhaustion requirement, stating that he has filed a habeas corpus motion in state court and sent other correspondence but has not received any response from the Court. Dkt. 2 at 1. "The Supreme Court has provided an exception to the exhaustion doctrine in those instances where 'the corrective process is so clearly deficient as to render futile any claim to obtain relief.'" *Spreitzer v. Schomig*, 219 F.3d 639, 647, at *21–22 (7th Cir. 2000) (quoting *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981)). The pertinent question is "whether there is any available state procedure for determining the merits of petitioner's claim." *Id.* (internal quotation omitted); *see also Money v. Pritzker*, 2020 WL 1820660, (N.D. Ill. Apr. 10, 2020) (holding petitioners seeking habeas relief due to COVID-19 must exhaust state remedies or show they are unavailable).

Mr. Rexroat does not state where he has filed these motions. However, the Court takes judicial notice of the chronological case summary (CCS) in cause 49G03-1501-F4-001236, available at mycase.in.gov, which shows that Mr. Rexroat filed a petition for habeas corpus on June 29, 2020. The CCS then indicates court activity on July 1, 2020, stating "Administrative Event: Court reviews defendant's pro-se petition filed 6-29-20 denying request. PCR is pending

under cause number 49G03-2001-PC-002225. Copy sent to parties under pcr cause."[1] Thus, it appears that Mr. Rexroat's state post-conviction proceedings are an available forum for him to challenge his incarceration.

Accordingly, Mr. Rexroat shall have **through August 14, 2020,** to show cause why this habeas petition should not be dismissed without prejudice for failure to exhaust his state court remedies.

**SO ORDERED.**

Date: 7/20/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRANDON REXROAT
121033
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only

---

[1] According to the CCS in cause number 49G03-2001-PC-002225, Mr. Rexroat is represented by counsel in his state post-conviction proceedings. This may explain why Mr. Rexroat believed that the Court has done nothing with his habeas petition, when, in fact, the Court referred it to the parties handling his post-conviction proceedings.