UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BRANDON REXROAT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 2:20-cv-00356-JPH-DLP |
| FRANK LITTLEJOHN Warden; Wabash Valley Correctional Facility, | ) ) ) ) |
| Defendant. | ) |

**Order Dismissing Petition and Directing Entry of Final Judgment**

Petitioner Brandon Rexroat's petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, seeks his immediate release from prison due to the COVID-19 pandemic. Because Mr. Rexroat has not exhausted his state remedies, his petition is **dismissed without prejudice**.

Mr. Rexroat is incarcerated at Pendleton Correctional Facility[1] pursuant to state convictions in Hamilton County, Indiana, under cause number 29D04-1412-F6-010245, and Marion County, Indiana, under cause numbers 49G03-1503-F4-009757 and 49G03-1501-F4-001236. *See* Indiana Department of Correction, Offender Search at https://www.in.gov/apps/indcorrection/ofs/ofs (last accessed July 27, 2020). He has a current release date of May 6, 2026. *Id.* Mr. Rexroat states that he suffers from Hepatitis C, which places him at increased risk of serious complications if he were to contract COVID-19, and that the prison is not doing enough to protect the inmates from contracting the virus.

---

[1] Mr. Rexroat had been incarcerated at Wabash Valley Correctional Facility, but the IDOC's website indicates that he has been transferred to Pendleton Correctional Facility. The clerk **is directed** to update Mr. Rexroat's address on the docket.

1

Case 2:20-cv-00356-JPH-DLP   Document 8   Filed 07/27/20   Page 2 of 3 PageID #: 20

"To protect the primary role of state courts in remedying alleged constitutional errors in state criminal proceedings, federal courts will not review a habeas petition unless the prisoner has fairly presented his claims throughout at least one complete round of state-court review." *Johnson v. Foster*, 786 F.3d 501, 504 (7th Cir. 2015) (citation and quotation marks omitted); *see* 28 U.S.C. § 2254(b)(1)(A). Because it appeared from his petition that Mr. Rexroat had not exhausted his state court remedies, on July 20, 2020, the Court ordered Mr. Rexroat to show cause why his petition should not be dismissed. Dkt. 6.

Mr. Rexcoat responded, acknowledging that he filed this habeas petition prematurely and asking the Court to stay his proceedings until he exhausts his state court remedies. Dkt. 7. The Supreme Court has held that stay and abeyance in habeas actions should be granted only when the petitioner demonstrates good cause for failing to exhaust arguably meritorious claims in state court. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Here, Mr. Rexroat has not shown good cause for failing to exhaust his state court remedies. Further, dismissal of his petition without prejudice will not cause Mr. Rexroat to "run the risk of forever losing [his] opportunity for any federal review" of his claim that he should be released for health-related concerns. *Dolis v. Chambers*, 454 F.3d 721, 724 (7th Cir. 2006).

Accordingly, Mr. Rexroat's motion to stay his petition, dkt. [7], is **denied**, and the petition is **dismissed without prejudice**, which means that he may refile his petition after exhausting his state court remedies.

Judgment consistent with this Order shall now issue.

**SO ORDERED.**

Date: 7/27/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

BRANDON REXROAT
121033
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY - Inmate Mail/Parcels
Electronic Service Participant – Court Only